**UNITED STATES of America,**
**Appellee,**

v.

**Chad SALCEDO, Appellant.**

**No. 07–1619.**

United States Court of Appeals,
Eighth Circuit.

Submitted: May 21, 2008.

Filed: May 27, 2008.

Maria R. Moran, U.S. Attorney's Office, Omaha, NE, for Appellee.

William F. Eustice, Omaha, NE, for Appellant.

Chad Salcedo, Omaha, NE, pro se.

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

Chad Salcedo appeals the prison sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute and possess with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and 846; and using, carrying, and possessing a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The court sentenced Salcedo to consecutive prison terms of 87 months on the drug offense and 60 months on the firearm offense, for a total of 147 months. His counsel has moved to withdraw and filed a

1. The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing that Salcedo's sentence is unreasonable.

We conclude that Salcedo's sentence is not unreasonable. Nothing in the record indicates the court overlooked a relevant factor, gave significant weight to an improper factor, or made a clear error of judgment in weighing appropriate factors when it imposed a within-Guidelines-range sentence for Salcedo's drug offense. *See Rita v. United States,* — U.S. ——, 127 S.Ct. 2456, 2462–68, 168 L.Ed.2d 203 (2007) (allowing appellate presumption of reasonableness); *United States v. Haack,* 403 F.3d 997, 1003–04 (8th Cir.2005) (reasonableness factors). Further, the consecutive 60–month sentence was the statutory minimum for Salcedo's firearm offense. *See* 18 U.S.C. § 924(c)(1)(A), (D); *United States v. Gregg,* 451 F.3d 930, 937 (8th Cir.2006) (rejecting argument that district court has discretion to determine whether ultimate sentence is reasonable and to impose non-Guidelines sentence even when portion of sentence is result of mandatory minimum sentence; *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), "does not relate to statutorily-imposed sentences").

After reviewing the record independently under *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel leave to withdraw, and we affirm the district court's judgment.